## CIRCUIT COURT OF RICHMOND COUNTY

Robert C. Johnson et al.

v.

Marilyn Thompson et al.

May 1, 1997

BY JUDGE JOSEPH E. SPRUILL, JR.

The question presented here is whether the evidence is sufficient to establish that the claimant to an estate is a child born out of wedlock and an heir-at-law of an intestate decedent.

Robert C. Johnson, born March 5, 1945, claims his biological father was William E. Thompson, who died in April 1992. Thompson, who was divorced at the time of his death, had three other children, Carroll Thompson (who joins Johnson as a complainant in this proceeding) and Marilyn and Cyrus Thompson, both of whom are defendants.

This proceeding was filed June 25, 1996, more than four years after the death of Mr. Thompson. Defendants, in their answer, claim that Robert C. Johnson has failed to comply with the requirements of Virginia Code § 64.1-5.1. Further, they claim Johnson's natural father was Bernard Johnson.

At the hearing held April 10, 1997, the Court observed that the evidence was conflicting and contradictory on virtually every point. For example, three birth certificates were received in evidence relating to the birth of Johnson. Each appears to have been recorded March 20, 1945. On one, the father is listed as William E. Thompson. On another, the father is listed as Bernard Harry Johnson. On the third, the father's name is left blank.

Section 64.1-5.1(3) of the Code of Virginia provides that a person born out of wedlock is a child of the mother. Such person is also a child of the father if the paternity is established by clear and convincing evidence as set forth in § 64.1-5.2. Section 64.1-5.2 sets forth eight categories of conduct by the putative father which may be considered in establishing paternity. Notwithstanding that several family members have testified that Mr.

Thompson "considered" or "treated" Johnson as his son, there is no evidence whatever of any of the factors set forth in § 64.1-5.2. One of the birth certificates listed Mr. Thompson as father of the infant Johnson, but there is no evidence that Mr. Thompson gave consent to someone responsible for providing vital statistics for Johnson's birth certificate that his name be listed as the father. There is no affirmative evidence that Thompson ever consented to have his name entered on Johnson's birth certificate as the child's father.

In addition, Virginia Code § 64.1-5.1(4) requires that no claim of succession by a child born out of wedlock shall be recognized in the settlement of a decedent's estate unless the child or someone acting for him shall, within one year of the parent's death, file an affidavit alleging parenthood *and* file an action seeking adjudication of parenthood. The limitation period does not apply if the parenthood is "established by a birth record prepared upon information given by or at the request of" the parent in question. See *Johnson v. Branson*, 228 Va. 65 (1984), and *Hupp v. Hupp*, 239 Va. 494 (1990). Since there is no evidence that the birth record was prepared by or given at the request of the parent in question, i.e., William E. Thompson, the limitation period does apply. Neither an affidavit nor an action was filed within the one-year period as required by the statute. Because the requirements of the statute have not been met, Mr. Johnson's claim must fail.

Moreover, there is other evidence that Johnson throughout his lifetime regarded Bernard Johnson as his father. Robert C. Johnson was married twice, in 1967 and in 1983. On each of the marriage certificates, he listed Bernard Johnson as his father. In April 1969, a declaration of paternity was filed wherein Bernard Johnson and Louise Scott Johnson acknowledged under oath that Bernard was the natural father of Robert C. Johnson.

For the foregoing reasons, the relief prayed for in the Bill of Complaint must be denied.